IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERCO REAL ESTATE COMPANY, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | No. |
| | : | |
| FIRST AMERICAN TITLE INSURANCE COMPANY, | : | |
| Defendant | : | |

## **COMPLAINT**

AND NOW, comes Amerco Real Estate Company, by and through its attorneys, Wix, Wenger & Weidner, P.C., and files this Complaint, stating as follows:

1. Plaintiff, Amerco Real Estate Company, is a Nevada corporation, qualified and registered to do business in Pennsylvania, which maintains its primary place of business at 2727 N. Central Avenue, Phoenix, Arizona 85004.

2. Defendant, First American Title Insurance Company, is a Nebraska corporation, qualified and registered to do business in Pennsylvania, which maintains its primary place of business at 666 Third Avenue, 5th Floor, New York, NY 10017.

3. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and is between citizens of different states.

4. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391(b) because the real property that is the subject of the insurance policy issued by Defendant to the Plaintiff, which is the issue of this lawsuit, is located in Cumberland County, Pennsylvania.

5. Pennsylvania state law applies to the issues raised in this case.

6. A Purchase and Sale Agreement ("PSA") dated June 28, 2019 was executed by and between Seritage KMT Finance LLC ("Seritage") and Plaintiff for the sale of real property located in South Middleton Township, Cumberland County, Pennsylvania (the "Property"), as described in Exhibit "A" to the PSA, a true and correct copy of which is attached hereto as Exhibit "A".

7. On August 6, 2019, Defendant acquired from Plaintiff a Title Insurance Policy, policy number NCS-954075PA3 ("Policy"), that insured Plaintiff against covered title risks in the amount of $4,500,000.00.  A true and correct copy of the Policy is attached hereto as Exhibit "B."

8. The purported real property to be sold, and title to be insured by Defendant, was Lot 1 of a Subdivision Plan for Walnut Bottom Towne Centre, consisting of 33.366 acres, less Unit 1 and Unit 2 of a condominium, which had been previously conveyed to unrelated parties.

9. The purchase price for the Property was $4,500,000.00.

10. The purchase price was bargained for based, in part, on the description of the Property that would be conveyed, being 33.366 acres less two previously transferred units.

11. The Special Warranty Deed (**"**Deed") from Seritage to Plaintiff dated July 10, 2019 and recorded August 6, 2019 to Cumberland County Recorder of Deeds Instrument Number 201917832 used the same legal description of Lot 1 (33 acres) less the same two outsales of Unit 1 and Unit 2.

12. Subsequent to closing, Plaintiff learned that it did not, in fact, own the full property as described in the PSA, the Deed, and the Policy, because Seritage did not own the entire property described and, thus, could not convey it to Plaintiff.

13. Instead, Plaintiff received title to only Units 4 and 5 in the condominium, consisting of approximately 5 acres, rather than the entire 33.336 acres less units 1 and 2.

14. The Certification page of the Deed, which was added by the Recorder of Deeds, states that there are two parcels (Units 4 and 5).

15. The Tax Map for Cumberland County shows that Plaintiff owns Units 4 and 5. The remainder of the 33 acres (UPI number 40-23-0604-022) is still shown as being owned by Troy CMBS Property LLC, a predecessor in title to Seritage.

16. The Uniform Parcel Identifier ("UPI") numbers included as part of Exhibit A of the PSA are the parcel numbers for Units 4 and 5.

17. Exhibit A of the PSA further identified the property as follows:

> BEING the same premises which Kmart Corporation, a Michigan Corporation, successor in interest by merger with Troy CMBS Property, L.L.C., a Delaware limited liability company, by Non-Warranty Deed dated 05/19/2015 and recorded 07/23/2015 in Cumberland County at Instrument No.

> 201518412, granted and conveyed unto Seritage KMT Finance LLC, a Delaware limited liability company, in fee.

18. The 2015 "non-warranty deed" from Kmart Corporation (successor in interest by merger to Troy CMBS Property L.L.C.) to Seritage, Instrument No. 201518412 again uses the description of Lot 1 as 33 acres but uses the UPI numbers for Units 4 and 5. Along with this deed, the parties executed a Memorandum of Lease using the same legal description but the UPI numbers for Units 4 and 5.

19. The 2015 deed references a 1997 deed from KMART Corporation to Troy CMBS Property, L.L.C, which uses the description of Lot 1 as 33 acres but uses the UPI numbers for only Units 4 and 5.

20. The deed further recites that it is the same premises that MeedPenn Group conveyed to KMART Corporation in 1995.

21. However, it was, in fact, not the "same premises" because although MeedPenn did convey 33 acres to Kmart, Kmart subsequently imposed a Declaration of Condominium on July 7, 1995, on the 33 acres before it conveyed Units 1, 2, and 3 back to MeedPenn.

22. At that point, Lot 1 on the subdivision plan (Plan Book 70, Page 59) and the Land Development Plan (Plan Book 70, Page 60) technically ceased to exist as a separate subdivided parcel and instead became

part of the condominium pursuant to the Declaration and the Plats and Plans filed to Cumberland County Recorder of Deeds Plan Book 70, Page 66.

23. The Policy issued by Defendant insures Lot 1 (33 acres) less the outsales of Units 1 and 2 using the same legal description as the PSA and the Deed.

24. The Policy does not list UPI numbers.

25. In sum, Plaintiff agreed to purchase a 33-acre lot, less Units 1 and 2, and, instead, received title only to Units 4 and 5, consisting of approximately 5 acres, because that is all that Seritage owned and could convey.

26. A cursory review of prior deeds and other title documents by Defendant's title agent should have found this error.

27. Defendant's title agent failed to conduct a proper title search.

28. The error set forth by this Complaint is not one involving *de minimis* acreage, but resulted, instead, in receipt of a fundamentally different, and lesser, property than was bargained for.

29. Plaintiff has not received the property for which it bargained and instead of receiving a nearly 33-acre property, it received two units of

a condominium, consisting of approximately 5 acres, with non-exclusive use of common areas, including the parking lot.

30. The difference in value from what was bargained for and what was conveyed is approximately $1,700,000.00.

31. Defendant has incurred, and will continue to incur, substantial expense to alleviate the damage its business has sustained.

32. Plaintiff submitted a Notice of Claim to Plaintiff on May 4, 2020. A copy of the Notice of Claim is attached as Exhibit "C."

33. Defendant refused to make any payment to Plaintiff as required by the Policy. A copy of the Defendant's communication is attached as Exhibit "D."

34. Plaintiff obtained an appraisal and supplemented its Notice of Claim on February 26, 2021. A copy of the supplemented notice of claim is attached as Exhibit "E" (the appraisal is omitted).

35. Defendant failed to respond to the supplemented Notice of Claim.

36. Defendant's refusal to make adequate payment to Plaintiff or accept responsibility was made without a reasonable basis in fact or law.

37. Defendant's refusal to make adequate payment to Plaintiff was made in bad faith and for the purpose of denying the benefits of a contract for title insurance to Plaintiff.

38. Defendant's refusal to make adequate payment to Plaintiff was an unlawful attempt to force Plaintiff to accept less money than the amount due under the Policy.

39. Defendant owed Plaintiff the following duties, among others: (a) a duty to honor the title insurance contract; (b) a duty to conduct a prompt, reasonable and diligent investigation of the facts of the case to determine the validity of the claims made by Plaintiff; (c) a duty to evaluate the Plaintiff's claims fairly; (d) a duty to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim where liability is reasonable clear; (e) a duty to act promptly and reasonably in settling the claim; (f) a duty not to reject a reasonable and fair offer of settlement; (g) a duty not to put its insured through unnecessary litigation; (i) a duty to refrain from actions that would injure the Plaintiff's ability to obtain the benefits of the insurance contract; and (j) a duty of good faith and fair dealing.

40. Upon information and belief, Plaintiff alleges that Defendant breached its duties owed to Plaintiff by, among other things:  (a) failing to honor the title insurance contract; (b) failing to conduct a prompt, reasonable and diligent investigation of the claims; (c) failing to evaluate the claim fairly; (d) failing to tender the claim; (e) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim; (f) not making any reasonable settlement offers to offer the claim; (g) failing to accept  reasonable and fair offers of settlement; (h) putting its insured, Plaintiff, through unnecessary litigation; (i) taking actions that would injure Plaintiff's ability to obtain the benefits of the insurance contract; and, (j) failing to pay any reasonable portion of the insurance coverage to Plaintiff herein.

41. As a direct and approximate result of Defendant's breaches of its duties that it owed to its insureds, the Plaintiff herein, Plaintiff has been deprived of the benefits to which it was entitled and for which it bargained in the insurance contract, and was forced to incur expenses to obtain the benefits to which they were otherwise entitled

and Plaintiff has otherwise been damaged in amounts to be determined at trial.

42. Defendant's actions herein constitute bad faith insurance practices.

43. The Court should enter a declaratory judgment, that Defendant must pay its policy limits to Plaintiff herein, in order to satisfy the damages sustained by Plaintiff.

44. Plaintiff has been required to engage the services of attorneys, and, accordingly, have incurred attorneys' fees and costs to bring this action.

## COUNT I - Breach of Contract

45. Paragraphs 1 through 44 are incorporated herein by reference as though set forth in full.

46. There is a valid and existing insurance agreement between Plaintiff and Defendant.

47. Plaintiff performed or were excused from performance under the agreement.

48. Defendant breached the agreement by, *inter alia,* refusing to properly compensate Plaintiff.

49. Plaintiff sustained damages as a result of Defendant's breach of the agreement.

50. Plaintiff has been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against Defendant in an amount to be proven at trial plus attorneys' fees, costs, interest, and such other relief as is just and appropriate.

## COUNT II - Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing

51. Paragraphs 1 through 44 are incorporated herein by reference as though set forth in full.

52. There is implied in every contract a covenant of good faith and fair dealing.

53. Plaintiff and Defendant entered into a valid and existing insurance agreement.

54. Defendant owed Plaintiff a duty of good faith and fair dealing.

55. Defendant breached its duty of good faith and fair dealing by, *inter alia,* refusing to properly compensate Plaintiff.

56. Plaintiff sustained damages as a result of Defendant's breach of the implied covenant of good faith and fair dealing.

57. Plaintiff has been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against Defendant in an amount to be proven at trial plus attorneys' fees, costs, interest, and such other relief as is just and appropriate.

### COUNT III - Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing

58. Paragraphs 1 through 44 are incorporated herein by reference as though set forth in full.

59. Implied in every contract is a covenant of good faith and fair dealing.

60. Plaintiff and Defendant entered into a valid and existing insurance agreement.

61. Defendant owed Plaintiff a duty of good faith and fair dealing.

62. As an insurer, Defendant owed Plaintiff a fiduciary-like duty and there was a special element of reliance by Plaintiff.

63. Defendant breached its duty of good faith and fair dealing by, *inter alia*, refusing to properly compensate Plaintiff for its injuries.

64. Plaintiff sustained damages as a result of Defendant's breach of the implied covenant of good faith and fair dealing.

65. Plaintiff is further entitled to punitive damages as a result of Defendant's breach of the implied covenant of good faith and fair dealing.

66. Plaintiff has been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against Defendant in an amount to be proven at trial plus attorneys' fees, costs, interest, and such other relief as is just and appropriate.

## **COUNT IV - Bad Faith**

67. Paragraphs 1 through 44 are incorporated herein by reference as though set forth in full.

68. The acts and omissions of Defendant as complained of herein constitute bad faith.

69. Plaintiff sustains damages as a result of Defendant's bad faith.

70. Plaintiffs is further entitled to punitive damages as a result of Defendant's bad-faith pursuant to 42 Pa.C.S. § 8371.

71. Plaintiff has been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs pursuant to 42 Pa.C.S. § 8371..

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against Defendant in an amount to be proven at trial plus attorneys' fees, costs, interest, and such other relief as is just and appropriate.

## COUNT V - Unfair Trade Practices

72. Paragraphs 1 through 44 are incorporated herein by reference as though set forth in full.

73. Defendant has engaged in unfair trade practices, including Defendant's failure to properly settle Plaintiffs' claim.

74. Plaintiff sustained damages as a result of Defendant's unfair trade practices.

75. Plaintiff is further entitled to punitive damages as a result of Defendant's unfair trade practice.

76. Plaintiff has been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against Defendant in an amount to be proven at trial plus attorneys' fees, costs, interest, and such other relief as is just and appropriate.

>Respectfully Submitted,
>WIX, WENGER & WEIDNER
>
>By: s/ Jeffrey C. Clark
>　　Jeffrey C. Clark, PA ID # 89277
>　　508 North Second Street
>　　P.O. Box 845
>　　Harrisburg, PA  17108-0845
>　　(717) 234-4182
>　　Fax: (717) 234-4224
>　　Email: jclark@wwwpalaw.com
>　　Attorneys for Plaintiff

Date: